UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80664-CIV-DIMITROULEAS

HOWARD SCHLEIDER and FELICE
VINARUB, as Co-Personal
Representatives for THE ESTATE OF
SARA SCHLEIDER, Deceased,

      Plaintiffs,

v.

GVDB OPERATIONS, LLC, a Florida
Limited Liability Company d/b/a
GRAND VILLA OF DELRAY EAST and JSMGV
MANAGEMENT COMPANY, LLC, a Florida
Limited Liability Company,

      Defendants.

_____/

**<u>ORDER REMANDING CASE TO STATE COURT</u>**

THIS CAUSE is before the Court on Plaintiffs, HOWARD SCHLEIDER and FELICE

VINARUB, as Co-Personal Representatives for THE ESTATE OF SARA SCHLEIDER

("Plaintiffs")'s Motion to Remand, filed on April 16, 2021. [DE 8] (the "Motion").   The Court

has carefully considered the Motion, Defendants, GVDB OPERATIONS, LLC, a Florida

Limited Liability Company d/b/a GRAND VILLA OF DELRAY EAST ("GVDB") and JSMGV

MANAGEMENT COMPANY, LLC ("JSMGV") (collectively, "Defendants")'s Response [DE

14], Plaintiffs' Reply [DE 18], and is otherwise fully advised in the premises.   For the reasons

explained below, the Court finds that it lacks subject matter jurisdiction over the action.   This

case shall be promptly remanded to state court.

1

Federal courts are courts of limited jurisdiction.   *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).   District courts have an obligation to inquire into subject matter jurisdiction whenever the possibility that jurisdiction does not exist arises, *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995), and must dismiss an action where it appears that the court lacks jurisdiction.   Fed. R. Civ. P. 12(h)(3).   "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."   *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001).

Under 28 U.S.C. section 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently. The right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941). The removing party has the burden of demonstrating the propriety of removal. *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil*, 313 U.S. at 109 (citations omitted). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

Under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

2

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

On or about March 12, 2021, Plaintiffs filed this action against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, asserting wrongful death claims under Florida state law. *See* [DE 1-1].   According to the allegations of the Complaint, Defendant GVDB is an Assisted Living facility in Delray Beach, Florida. *See* [DE 1-1] at ¶11.   Decedent Sara Schleider was admitted as a patient to the Memory Care unit at GVDB, beginning on or about October 12, 2019. ¶ 10. During her admission COVID-19, broke out, she contracted the virus and ultimately died on June 29, 2020, all while in the care of GVDB. ¶¶11-13.

Plaintiffs allege a lack of, and complete failure to provide, any appropriate countermeasures to prevent the rampant spread of COVID-19 at Defendants' facility. ¶15. Plaintiff contends that Defendants' omissions caused Sara Schleider to contract COVID-19. ¶12. These alleged failures include that GVDB: (a) Failed to provide or require personal protective equipment to workers and residents; (b) Failed to put in place adequate protection measures in the face of a global pandemic which put at high risk, its patients, such as the decedent; and (c) Withheld information from its own workforce, residents, as well as family members and individuals with specific power of attorney for residents regarding the dangers associated with its infection control measures. ¶ 17.   Plaintiffs allege that these failures were so egregious that over 40 patients contracted COVID-19, at least 16 in the decedent's same memory care unit, and over 10 people died, including Plaintiffs' decedent, Sara Schleider. Complaint ¶ 19.   The Complaint

alleges four counts: Count I - Survival Claim against GVDB Operations, LLC for Violation of Fla. Stat. § 429, *et.seq.*; Count II - Wrongful Death Claim against GVDB Operations, LLC for Violation of Fla. Stat. § 429, *et.seq.*; Count III - Survival Claim against JSMGV Management Company, LLC for Violation of Fla. Stat. § 429, et.seq.; Count IV - Wrongful Death Claim against JSMGV Management Company, LLC for Violation of Fla. Stat. § 429, *et.seq.*

Plaintiffs, decedent's children, filed the Complaint on March 12, 2021 as representatives of the Estate, in the Fifteenth Judicial Circuit in and for Palm Beach County Florida. [DE 1-1].

Defendants removed this action on March 26, 2021, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331, 1441, and 1446 based upon the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e.

> In general, the PREP Act provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [required by the PREP Act]...has been issued with respect to such countermeasure." 42 U.S.C. § 247d-6d(a)(1). A "covered countermeasure" includes a qualified pandemic or epidemic product, drug, or device. 42 U.S.C. § 247d-6d(i)(1). "Effective February 4, 2020, the Secretary [of Health and Human Services] issued a Declaration to provide liability immunity for activities related to medical countermeasures against COVID-19." *Gunter v. CCRC OPCO-Freedom Square, LLC*, 2020 WL 8461513, at *3 (M.D. Fla. 2020) (citation omitted).

*Estate of Ruby B. Parr v. Palm Garden of Winter Haven, LLC et al.*, No. 8:21-CV-764-SCB-SPF, 2021 WL 1851688, at *1 (M.D. Fla. May 10, 2021).

The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908); *Blab T.V. of Mobile, Inc. v. Comcast Cable Comm'cns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "As a general rule, a case

4

arises under federal law only if it is federal law that creates the cause of action." *Ascent Med.*

*Grp., LLC v. Humana Med. Plan, Inc.*, No. 18-60187-CIV, 2018 WL 4901405, at *2 (S.D. Fla.

Apr. 4, 2018) (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because

Plaintiffs' Complaint allege only claims under Florida state law, there is no jurisdiction under the

well-pleaded complaint rule.

Further, Defendants cannot create or invoke federal jurisdiction by injecting a federal

question based on a potential defense to Plaintiff's claims. It is "settled law that a case may not

be removed to federal court on the basis of a federal defense, including the defense of pre-

emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties

concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*,

482 U.S. 386, 393 (1987). *See id.* at 399 ("Congress has long since decided that federal defenses

do not provide a basis for removal.").

Notwithstanding, Defendants contend that removal is proper here under the complete

preemption doctrine because the PREP Act completely preempts Plaintiffs' claims.   The

complete preemption doctrine "occurs when 'the pre-emptive force of a statute is so

extraordinary that it converts an ordinary state common-law complaint into one stating a federal

claim for purposes of the well-pleaded complaint rule.'" *Blab T.V.*, 182 F.3d at 854 (quoting

*Caterpillar*, 482 U.S. 393.   "The removing party bears the burden of demonstrating complete

preemption and, where jurisdiction is not absolutely clear, the Eleventh Circuit favors remand."

*Sheridan Healthcorp, Inc. v. Aetna Health Inc.*, 161 F. Supp. 3d 1238, 1244 (S.D. Fla. 2016).

> Complete preemption is a rare occurrence. The Supreme Court and the Eleventh
> Circuit have found complete preemption under only three statutes: (1) Section 301
> of the Labor Management Relations Act; (2) Section 502 of the Employee
> Retirement Income Security Act of 1974 (ERISA); and (3) Sections 5197 and

5198 of the National Bank Act. *See generally Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003). Each of those statutes evidenced the "extraordinary preemptive force" that the Supreme Court requires to "manifest in the clearly expressed intent of Congress." *Geddes*, 321 F.3d at 1353; *see also Beneficial*, 539 U.S. at 7–8.

*Hentz v. Kimball Transportation, Inc.*, No. 618CV1327ORL31GJK, 2018 WL 5961732, at *3 (M.D. Fla. Nov. 14, 2018).

To date, neither the Supreme Court nor any of the Court of Appeals has found complete preemption over claims implicating the PREP Act.   Moreover, based on the Court's research, only two out of the dozens of federal district courts to have reached the issue have found that the PREP Act provides complete preemption. *See Rachal v. Natchitoches Nursing & Rehabilitation Center, LLC*, No. 1:21-cv-00334, *3 n. 3 (W.D. La. Apr. 30, 2021); *Garcia v. Welltower OPCO Group LLC,* 2021 WL 492581, at *7 (C.D. Cal. Feb. 10, 2021).   Having carefully considered the arguments on both sides of the issue, the Court determines that the better-reasoned decisions hold that the PREP Act is not a complete preemption statute.   The Court approves of and adopts herein the exhaustive analysis set forth by the district court in *Dupervil v. All. Health Operations, LCC*, No. 20CV4042PKCPK, 2021 WL 355137 (E.D.N.Y. Feb. 2, 2021).   The Court joins the nearly unanimous consensus among the district courts across the country that have addressed the issue and have held that the PREP Act is not a complete preemption statute. *See Shapnik v. Hebrew Home for the Aged At Riverdale*, No. 20-CV-6774 (LJL), 2021 WL 1614818, at *16 (S.D.N.Y. Apr. 26, 2021) (collecting cases); *Dupervil*, 2021 WL 355137, at *12 (E.D.N.Y. Feb. 2, 2021) (collecting cases).   In addition, the Court holds that, even if it were, state-law claims of negligence and wrongful death based on a nursing home's inaction in failing to protect against the spread of COVID-19, like those that Plaintiffs allege here, are not within the scope of the PREP Act. *See, e.g., Evans v. Melbourne Terrace Rcc, LLC*, No. 6:21-CV-381-JA-GJK, 2021

6

WL 1687173, at *2 (M.D. Fla. Apr. 29, 2021) ("[T]he PREP Act is not a complete preemption statute. . . . And even if it were, Evans's allegations accusing Melbourne Terrace of inaction— versus prioritization or purposeful allocation of countermeasures—are not within the scope of the PREP Act. Federal district courts across the country have nearly unanimously so held since the start of the pandemic.").

Based upon the foregoing, there is no valid basis for Defendants' removal of this action.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motions for Leave to File Supplemental Authority [DE's 19, 21] are **GRANTED**;

2. Plaintiff's Motion to Remand [DE 8] is **GRANTED**;

3. The Clerk is directed to **REMAND** this case to state court, **CLOSE** this case, and **DENY** all pending motions, including the Motion to Dismiss [DE 7], Motion to Transfer [DE 13], and Motion for Extension of Time [DE 24] as moot.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 20th day of May, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record